UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Giovanni Kurtze, | 2:17-cv-02428-JAD-NJK |
|---|---|
| Plaintiff | **Order Dismissing Case** |
| v. | |
| Joseph Lombardo, et al., | |
| Defendants | |

Pro se plaintiff and Clark County prisoner Giovanni Kurtze brings civil-rights claims under 42 U.S.C. § 1983 against a Clark County sheriff and three Clark County Detention Center correctional officers, alleging illegal strip searches and personal mail destruction.[1] On September 19, 2017, Magistrate Judge Nancy Koppe ordered Kurtze to file a completed application to proceed *in forma pauperis* or pay the full $400.00 filing fee by October 19, 2017.[2] The deadline has now expired, and Kurtze has taken no action to comply with or otherwise respond to Judge Koppe's order.

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4]

---

[1] ECF No. 1-1.

[2] ECF No. 3 at 2.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors weigh in favor of dismissal. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] Although the fourth factor weighs against dismissal, that one factor is greatly outweighed by the others. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[7] Judge Koppe ordered Kurtze to file a complete pauper application or pay the full filing fee by October 19, 2017, otherwise "dismissal of this action may result."[8] Kurtze had adequate warning that dismissal would result from his noncompliance with the court's order.

---

Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 3 at 2.

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED** without prejudice based on Kurtze's failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with this Judge Koppe's September 19, 2017, order.

The **Clerk of Court** is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

DATED: October 27, 2017.

_____
Jennifer A. Dorsey
United States District Judge